JOHN L. BURRIS, Esq. (SBN 69888)
DeWITT M. LACY, Esq. (SBN 258789)
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
T: (510) 839-5200
F: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIARRA PARKER-LILES, an individual; MARQUITA FIGURES, an individual<br><br>Plaintiff,<br><br>v.<br><br>STEVEN GARCIA, individually and in his capacity as an officer for the Fairfield Police Department; SHANE RAFTERY, individually and in his capacity as an officer for the Fairfield Department; DOES, 1-10, inclusive, individually and in their capacities as officers for the Fairfield Police Department,<br><br>Defendants. | Case No:<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>**[JURY TRIAL DEMANDED]** |

### INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C §§1983 and 1988, and the Fourth Amendment to the United States Constitution, under California Civil Code §52.1, and under the common law of California. This action is against STEVEN GARCIA, SHANE RAFTERY, and DOES 1-10 of the Fairfield Police Department.

2. It is also alleged that these violations and torts were committed due to the actions of the above mentioned officers of the Fairfield Police Department.

## VENUE AND JURISDICTION

3.      The unlawful acts and practices alleged herein occurred at or near the City of Fairfield (hereinafter "City"), California, within the jurisdictional boundaries of this court. The damages sought are within the jurisdictional limits of this court.

## PARTIES

4.      At all times mentioned herein, CIARRA PARKER-LILES (hereinafter "PARKER-LILES") was and is a resident of the state of California, and a United States citizen.

5.      At all times mentioned herein, MARQUITA FIGURES (hereinafter "FIGURES") was and is a resident of the State of California, and a United States citizen.

6.      At all times mentioned herein, Defendant SHANE RAFTERY (hereinafter "RAFTERY") is and at all times herein mentioned an officer of the Fairfield Police Department.

7.      At all times mentioned herein, Defendant STEVEN GARCIA (hereinafter "GARCIA") is and at all times herein mentioned an officer of the Fairfield Police Department.

8.      Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this Complaint subject to further discovery.

PLAINTIFFS'
COMPLAINT FOR DAMAGES

9. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

11. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

## FACTUAL ALLEGATIONS

12. The incident occurred on November 12, 2013, at approximately 8:30 a.m. Plaintiff PARKER-LILES started her work day as usual greeting parents at the Head Start Day Care Center, located at 1406 Woolner Ave., Fairfield, California 94533. One of PARKER-LILES clients, FIGURES, had only moments earlier dropped off her child when FIGURES noticed a strange man, Shaun Richard Matison (hereinafter "Matison"), walking around her car and peering into her car through the car windows.

13. FIGURES did not know Matison and believed he was attempting to steal her car. Accordingly, FIGURES approached Matison to inquire what he was doing near her car.

14. FIGURES attempted to enter her car and had her keys forcefully taken from her hand by Matison. Matison then pinned FIGURES against her vehicle with his forearm. FIGURES began to fear for her safety and attempted to defend the attack by punching at Matison. Matison finally identified himself as a repo man and called the City of Fairfield Police Department.

15. PARKER-LILES had been watching the incident unfold from the Head Start Day Care Center window and came outside as City police officers began to arrive. She approached the scene for the purposes of documenting the incident for a report to her supervisor.

PLAINTIFFS'
COMPLAINT FOR DAMAGES

16. Defendant RAFTERY arrived first on the scene and immediately approached FIGURES and Matison. Defendant RAFTERY grabbed FIGURES and placed her arms behind her back without first questioning anyone on the scene. FIGURES told RAFTERY that he was hurting her arm.

17. Defendant GARCIA, a K-9 handler, had just recently arrived on the scene at that time. He approached FIGURES and stated, "You think that hurts? No, this is gonna hurt!" Thereafter, Defendant GARCIA forcefully grabbed FIGURES right arm up and pulled it up to her shoulder blade until her shoulder bone disclocated from the joint. FIGURES pleaded for Defendant GARCIA to stop because she was in excuruciating pain. GARCIA yelled expletives at FIGURES and told her to "shut up!"

18. As Defendant GARCIA yelled louder and louder, his K-9 seemed to get more agitated while waiting inside GARCIA'S patrol car. Moments later, and without warning, the K-9 jumped out of the open window of Defendant GARCIA'S patrol car. The K-9 ran across the street to where the PARKER-LILES was standing and began to fiercly attack her leg. The K-9's bite punctured and lacerated PARKER-LILES' knee. Defendant GARCIA told PARKER-LILES to "shut-up" and began cursing expletives at PARKER-LILES. After several moments, Defendant GARCIA finally commanded the K-9 to release her.

19. Defendant RAFTERY placed FIGURES in the back of a cruiser and transported her to jail. FIGURES was arrested for misdemeanor battery for her altercation with the repo man. FIGURES was not charged with any crimes related to her interaction with the defendant officers. Several witnesses saw and heard the egregiously violent arrest of FIGURES and attack on PARKER-LILES, including approximately twenty (20) pre-school aged children.

20. FIGURES was booked into jail and released later that evening. She suffered a dislocated shoulder and sprained wrist and continues to suffer from pain related to her injuries.

21. PARKER-LILES went to North Bay Hospital in Fairfield to treat her wounds from the K-9 attack. Hospital staff administered stitches to her knee. Plaintiff also needed to

return for more stiches after her knee began to heal. The injury to PARKER-LILES' knee has significantly affected her ability to work and caused trmendous emotional trauma. PARKER-LILES was not arrested and was not in any way involved in the incident involving City police officers.

## DAMAGES

22. As a proximate result of Defendants' conduct, Plaintiffs suffered substantial physical injuries from the officers' wrongful arrest and detention and use of excessive force. As a further proximate result of Defendants' conduct, Plaintiffs incurred damages caused by the assault, and battery by Defendant officers and DOES 1-10. Plaintiffs suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

23. The conduct of Defendants was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to and aware of punitive damages against said Defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

(PARKER-LILES against GARCIA, and DOES 1 through 10)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25. Defendants' above-described conduct, wherein it is alleged that officers' detained Plaintiff far beyond the scope necessary and acceptable under law and without reasonable suspicion, violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (detention).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

PLAINTIFFS'
COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

(PARKER-LILES against GARCIA, and DOES 1 through 10)

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. Defendants' above-described conduct, wherein it is alleged that officers arrested Plaintiff without probable cause violating her rights as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (arrest).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

(Plaintiffs against GARCIA, RAFTERY, and DOES 1 through 10)

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27 of this Complaint.

29. Defendants' above-described conduct violated Plaintiffs' rights as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force them.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(FIGURES against GARCIA, and DOES 1 through 10)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31. Defendant's above-described conduct was extreme, unreasonable and outrageous.

_____

PLAINTIFFS'
COMPLAINT FOR DAMAGES

32. In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of defendants conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

(Violation of Plaintiff's Right To Enjoy Civil Rights)

(Violation of CALIFORNIA CIVIL CODE §52.1)

(Plaintiffs against GARCIA, RAFTERY, and DOES 1 through 10)

33. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32 of this Complaint.

34. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

(Assault And Battery)

(Plaintiffs against GARCIA, RAFTERY, and DOES 1 through 10)

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

36. Defendants' above-described conduct constituted assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

(Negligence)

(Plaintiffs against GARCIA, RAFTERY, and DOES 1 through 10)

_____
PLAINTIFFS'
COMPLAINT FOR DAMAGES

37. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 36 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, GARCIA, RAFTERY, and DOES 1 to 10 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, GARCIA, RAFTERY, and Defendant DOES 1 to 10 were acting within the course and scope of their employment and/or agency with City.

39. GARCIA, RAFTERY, and DOES 1 to 10 negligently and without due care, and without cause or provocation struck Plaintiff. The excessive force of Plaintiff FIGURES was unjustified as there were no facts or circumstances which warranted the use of any force at the time.

40. The attack of Plaintiff PARKER-LILES occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

**DEMAND FOR PUNITIVE DAMAGES**

41. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully alleged here.

42. Defendants' above-described statements and actions were at all times engaged in with malice, oppression or fraud, particularly when forced FIGURES arm to break out of its socket with the intention of causing injury to her or with reckless disregard for the possibility that they would injure her.

43. Defendants' intentional or reckless use of force of a defenseless citizen who was cooperating with officers was despicable and warrants punitive damages.

PLAINTIFFS'
COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For punitive damages, according to proof;
4. For violation of California Civil Code Sections 52.1, statutory damages, and reasonable attorney's fees;
5. For violation of California Civil Code Section 52(b), punitive damages against Defendant agents and/or officers, $25,000.00 for each offense and reasonable attorney's fees;
6. For statutory damages, according to proof;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 8, 2015                             THE LAW OFFICES OF JOHN L. BURRIS

                                                                          _/s/ DeWitt M. Lacy_____
                                                                          DeWitt M. Lacy
                                                                          Attorney(s) for Plaintiffs

PLAINTIFFS'
COMPLAINT FOR DAMAGES