UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIARRA PARKER-LILES, an individual; MARQUITA FIGURES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN GARCIA, individually and in his capacity as an officer for the Fairfield Police Department; SHANE RAFTERY, individually and in his capacity as an officer for the Fairfield Police Department; DOES, 1-10, inclusive, individually and in their capacities as officers for the Fairfield Police Department,<br><br>Defendants. | No.  2:15-cv-00894-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiffs Ciarra Parker-Liles and Marquita Figures (collectively, "Plaintiffs") seek redress from Defendants Steven Garcia, Shane Raftery, and Does 1-10 (collectively, "Defendants"), individually and in their official capacities as Fairfield Police Officers.  Plaintiffs' complaint, filed on January 8, 2015, alleges seven causes of action: (1) unlawful detention of Parker-Liles under the Fourth Amendment against Garcia; (2) unlawful seizure of Parker-Liles under the Fourth Amendment against Garcia; (3) excessive force as to both Plaintiffs under the Fourth Amendment against all

1

Defendants; (4) intentional infliction of emotional distress as to Figures against Garcia; (5) violation of California Civil Code § 52.1 (the "Bane Act") on behalf of both Plaintiffs against all Defendants; (6) assault and battery of both Plaintiffs against all Defendants; (7) negligence as to both Plaintiffs against all Defendants.  Presently before the Court is Defendants' Motion for Summary Judgment, which has been fully briefed, seeking adjudication of portions of Plaintiffs' first through sixth causes of action, as well as Plaintiffs' claim for punitive damages.[1]  Defs.' Mot., ECF No. 29; Pls.' Opp., ECF No. 35; Defs.' Reply, ECF No. 38.  For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.[2]

**BACKGROUND**

On the morning of November 12, 2013, outside of her child's daycare center, Plaintiff Figures got into a confrontation with a repossession employee, Shaun Matison, who was attempting to effect a lawful repossession of the vehicle she had been driving. Raftery Depo., ECF No. 31, at 46:15-20.  The confrontation escalated into a physical altercation, and Matison called 911.  Id.[3]

Defendant Raftery was dispatched to the scene and when he arrived he initially spoke with Matison.  Id. at 46:4-20.  While Raftery was speaking with Matison and other witnesses, Figures was talking on her cell phone, sitting inside her car with the doors shut and the windows rolled up.  Figures Depo., ECF No. 36-2, at 36:19-25.  A short time later, Garcia arrived on scene as a cover officer and parked his canine patrol vehicle on the street.  Pls.' SUMF, ECF No. 37 ¶ 13.

---

[1] Plaintiffs' seventh claim alleging negligence is not at issue in Defendants' motion.

[2] Having determined that oral argument would not be of material assistance, the Court ordered this
[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

[3] Parker-Liles was an employee at the daycare center who had witnessed the initial altercation between Matison and Figures and who had gone outside when the incident began.  Parker-Liles Depo., ECF No. 36-1, at 30:1.

Raftery then attempted to speak with Figures as she sat inside her vehicle. Pls.' SUMF, ECF No. 37, ¶ 7. He repeatedly ordered Figures to stop talking on her phone and to exit the vehicle. Id. at ¶ 8. After multiple commands, Figures finally exited the vehicle and walked over to the curb of the street. She refused, however, to comply with Raftery's commands to hang-up her cell phone. Plaintiff's SUMF, ECF No. 37, ¶ 8. Defendants continued to advise Figures to end her call and then additionally advised her that she was being detained. Figures Depo., ECF No. 36-2, at 23:7. According to Raftery's testimony, he had placed Plaintiff under arrest for delaying the investigation by being physically uncooperative when she refused to hang up her cell phone and sit down. Raftery Depo., ECF No. 31, at 65:4-15.

Defendants thereafter attempted to physically restrain Figures by placing her in handcuffs. Figures contends that during the process she told Defendants they were hurting her arm. Figures Depo., ECF No. 36-2, at 49:19. In response to her complaints, Figures contends that Garcia said, "No, this is hurting your arm," and applied a rear wrist lock. Id. at 49:22-50:7.

Defendants, on the other hand, allege that as Raftery attempted to handcuff Figures, she pulled away while yelling and screaming. Garcia Depo., ECF No. 31, at 85:22-87:6. They disagree with her rendition of the facts and contend that because Figures was resisting arrest, it took both officers to successfully handcuff her. Id. at 87:7-88:4. Garcia nonetheless denies ever applying a rear wrist lock. Id. at 102:12-24.

Meanwhile, as Defendants were attempting to handcuff Figures, the police canine that had been left in the back seat of Defendant Garcia's parked patrol vehicle self-deployed. Id. at 90:9-22. The canine jumped out of the vehicle window, ran across the street, and bit Parker-Liles who had come close to the altercation in an attempt to calm down Figures. Parker-Liles Depo., ECF No. 36-1, at 70:2-10; Pls.' SUMF, ECF No. 37, ¶ 22. When the canine bit Parker-Liles on the leg, Garcia stopped assisting Raftery and disengaged the dog. Parker-Liles Depo., ECF No. 36-1, at 71:15-16. After returning the

///

canine to the patrol car, medical services were called to provide medical treatment to Parker-Liles.  Pls.' SUMF, ECF No. 37, ¶ 38.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

///

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. 87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.

///

5

Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

### A. First and Second Causes of Action: Unlawful Detention and Seizure on behalf of Parker-Liles

Under the Fourth Amendment, "[t]he rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. Amend. IV. "A Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby)…but only when there is governmental termination of freedom of movement through means intentionally applied." Rodriguez v. City of Fresno, 819 F. Supp. 2d 937, 946 (E.D. Cal. 2011), quoting Brower v. County of Inyo, 489 U.S. 596, 596-597 (1989) (emphasis in original).

Parker-Liles alleges that when she was bitten by Garcia's dog, it constituted a de facto detention without reasonable suspicion, far beyond the scope necessary and acceptable under the law. She further contends that Officer Garcia arrested her without probable cause. The Court finds that summary judgment in favor of Defendants is appropriate on these claims because it is an undisputed fact that Plaintiff Parker-Liles was neither detained nor arrested on November 12, 2013.

Plaintiff argues to the contrary in reliance on Rogers v. City of Kennewick, 304 Fed. Appx. 599, 601 (9th Cir. 2008), which supports the conclusion that even though a person bit by a police canine was not the actual suspect sought, a seizure under the Fourth Amendment had occurred. Pls.' Opp'n., ECF No. 35, at 7:2-8. But in order for a Fourth Amendment seizure to be found in dog-bite cases, there must be an intentional deployment of the canine by officers. See Garcia v. City of Sacramento, No. 10-CV-00826-JAM-KJN, 2010 WL 3521954, at *2 (E.D. Cal. Sept. 7, 2010) (even

though police canine attacked innocent bystander, officer's intentional use of the dog to search for and subdue a suspect was sufficient to find a seizure); see also Marquez v. Andrade, 79 F.3d 1153 (9th Cir. 1996); Gangstee v. County of Sacramento, No. S-10-1004-KJM-GGH, 2012 WL 112650 at *5 (E.D. Cal. Jan. 12, 2012).  In fact, a close reading of the underlying facts of the Rogers case reveals that during the course of an investigation, while attempting to catch a fleeing suspect, law enforcement officers intentionally deployed a bite-and-hold canine that subsequently bit the bystander. Rogers v. City of Kennewick, No. CV-04-5028 EFS, 2007 WL 2055038, at *3 (E.D. Wash. Jul. 13, 2007).  Here, on the other hand, the canine was never intentionally deployed by Defendant Garcia or any other law enforcement officer.  While Plaintiffs argue that the canine was trained to self-deploy whenever Defendant Garcia was in a struggle, the Court finds that this still does not rise to the level of an intentional deployment.  See Marquez, 79 F.3d 1153.  Plaintiffs cite to no authority indicating otherwise.

Defendant Garcia never called to the canine, threatened use of the canine, or intentionally deployed the canine from the vehicle.  Consequently, Defendants' Motion for Summary Judgment of Plaintiff Parker Liles's first and second causes of action is GRANTED.[4]

**B.     Third Cause of Action: Excessive Force on behalf of Parker-Liles[5]**

Defendants next move for summary judgment of Plaintiff Parker-Liles's third cause of action alleging excessive force against all Defendants, in violation of her rights under the Fourth Amendment.  Section 1983 provides in pertinent part:

///
///
///

---

[4] Given this determination, the Court need not address Defendants' qualified immunity argument with regard to Plaintiffs' first and second causes of action.

[5] Although the third cause of action is pursued by both Plaintiffs, Defendants move for summary judgment only as to Parker-Liles.

7

> Every person who, under color of any statute, ordinance, regulation, custom, of any State or Territory or District of Columbia, subject, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." Graham v. Connor, 490 U.S. 386, 395 (1989) (emphasis in original). In excessive force cases, the core question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." Id. at 397; Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007). "Excessive force inquiries require balancing of the amount of force applied against the need for that force under the circumstances." Atkinson v. County of Tulare, 790 F. Supp. 2d 1188, 1202 (E.D. Cal. May 18, 2011) (citing Meredith v. Erath, 342 F.3d 1057, 1061 (9th Cir. 2003)).

     As detailed above, Plaintiff Parker-Liles has put forth no evidence supporting her instant claimed Fourth Amendment violation. Because it is undisputed that Defendant Garcia's canine self-deployed, Plaintiff has failed to raise a triable issue of fact concerning the officer's intent to deploy the canine, and thus has not raised any question as to whether she was seized under the Fourth Amendment. Therefore, the Court finds that summary judgment in favor of Defendants with respect to Plaintiff Parker-Liles's cause of action alleging excessive force is also appropriate and Defendants' motion is therefore GRANTED with respect to that claim as well.

    **C.**    **Fourth Cause of Action: Intentional Infliction of Emotional Distress on behalf of Figures**

     To establish a claim for intentional infliction of emotional distress, a plaintiff must prove the following:

8

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593 (1979) (superseded by statute on other grounds as stated in Melendez v. City of Los Angeles, 63 Cal. App. 4th 1, 7 (1998)).  Moreover, the defendant's outrageous conduct must "exceed all bounds" of that usually tolerated in a civilized community.  McDaniel v. Gile, 230 Cal. App. 3d 363, 372 (1991).

In the original complaint, Plaintiffs allege that Garcia's conduct during the November 12, 2013 incident was extreme, unreasonable, and outrageous.  Further, they allege Garcia intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff Figures would suffer extreme emotional distress as a result of his actions.  Pls.' Compl., ECF No. 1 ¶ 30-32.  More specifically, Plaintiffs argue in their opposition that Garcia demonstrated excessive force and a malicious intent when he said, "No, this is going to hurt," and applied a rear wrist lock while attempting to detain Figures.  Pls.' Opp., ECF No. 35, at 9:1-9:12.  Parker-Liles further testified that she was "shocked at the things that [Garcia] was saying and how he was acting" while Defendants were detaining Figures.  Parker-Liles Depo., ECF 36-1, at 66:18-19.

In response, Defendants argue that Plaintiffs have failed to provide any evidence of Garcia's reckless disregard of the probability of causing emotional distress.  Def. Motion, ECF No. 29, 16:28-17:6.  They further contend that no evidence has been presented pertaining to Garcia's ill intent or an attempt to embarrass or humiliate, nor is there any evidence that Garcia's conduct was so extreme as to exceed all bounds of that usually tolerated in civilized community.  Id.

Based on this contradictory evidence, the Court finds there are triable issues of fact regarding whether Garcia's actions and use of force was extreme, outrageous, or conducted with an intent to cause or a reckless disregard for the probability of causing

extreme emotional distress to Figures.  Consequently, Defendants' Motion pertaining to Plaintiffs' fourth claim for relief is DENIED.

### D. Fifth Cause of Action: Violation of California Civil Code § 52.1 on behalf of Both Plaintiffs

Plaintiffs' fifth cause of action arises under the Bane Act, which prohibits "threat[s], intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ."  Cal. Civ. Code § 52.1(a).

Defendants seek judgment in their favor as to Plaintiffs' Bane Act claim in reliance on Rodriguez v. City of Fresno, 819 F. Supp. 2d 937, 953-54 (E.D. Cal. 2011), arguing that Plaintiffs' Fourth Amendment excessive force claim is insufficient to establish a violation of the Bane Act because the right interfered with and the means of coercion cannot be one and the same.  Defs.' Mot., ECF No. 29, at 11:20-23.  Put differently, Defendants argue that the alleged Fourth Amendment violation alone cannot form the basis for Plaintiffs' Bane Act claim.  However, Rodriquez is not binding on this Court, and the Court finds that more recent—and more on point—Ninth Circuit case law and case law from this district hold otherwise.

Specifically, this district's post-Rodriguez decisions call into question Rodriguez's application to Bane Act claims arising from Fourth Amendment excessive force violations.  See Youngblood v. City of Bakersfield, No. 1:12-CV-1150 AWI JLT, 2014 WL 1386392, at *13 (E.D. Cal. Apr. 9, 2014) ("[P]rior to 2012, this court . . . held in order to state a claim under the Bane Act, 'the coercive force applied against a plaintiff must result in an interference with a separate constitutional or statutory right.' [Citing Rodriquez].  More recently, this court has noted that the legal landscape has evolved since Rodriguez . . . .").  Indeed, recent case law supports the conclusion that where plaintiffs bring a Bane Act claim alleging that officers used excessive force, they do not need to allege any coercion that is independent from the use of force itself.  See

Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105 (9th Cir. 2014) ("[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1."); Lam v. City of Los Banos, No. 2:15-CV-00531-MCE-KJN, 2017 WL 1179136, at *20 (E.D. Cal. Mar. 30, 2017).  With that understanding, the Court turns to each Plaintiff's respective Bane Act claim.

### 1. Plaintiff Parker-Liles

As provided above, the Court has found that summary judgment in favor of Defendants is appropriate with regard to Plaintiff Parker-Liles's Fourth Amendment claims.  Because her Bane Act claim is essentially derivative of her Fourth Amendment claims, and relies on the same evidence, summary judgment of the former is therefore appropriate as well.  Accordingly, Defendants' Motion for Summary Judgment of Plaintiff Parker-Liles's § 52.1 claim is GRANTED.

### 2. Plaintiff Figures

Resolution of Figure's excessive force claim turns on the resolution of disputed facts.  Indeed, given the factual disputes in the record, Defendants have not attempted to challenge her use of force claim by way of the instant motion.  Because a viable Fourth Amendment excessive force claim remains, Plaintiff's Bane Act claim survives Defendants' Motion for Summary Judgment as well.  Therefore, the Court DENIES summary judgment with regard to Plaintiff Figures's fifth cause of action.

### E. Sixth Cause of Action: Assault and Battery on behalf of Parker Liles[6]

Defendants have moved for summary judgment of Parker-Liles's claims, arguing that they fail as to each officer because there is no triable issue of fact regarding the officers' intent to touch or contact Plaintiff.  Defs.' Mot. at 9, citing CACI 1305 and 1301.  Because it is undisputed that the canine who bit Plaintiff self-deployed, the Court again finds Defendants have met their preliminary burden on summary judgment and entry of judgment is appropriate.  Moreover, Plaintiffs tacitly concede the propriety of this

---

[6] As with the excessive force claims, both Plaintiffs pursue the instant cause of action, but Defendants direct their motion only at Parker-Liles's cause of action.

11

conclusion by failing to address Defendants' arguments in their opposition. Pls.' Opp., ECF No. 35. The Ninth Circuit has repeatedly held that plaintiffs abandon claims by not raising them in opposition to a defendant's motion for summary judgment. See Shakur v. Schriro, 514 F.3d 878, 892 (9th Cir. 2008); Fifer v. United States, 649 Fed. Appx. 426, 428 (9th Cir. 2016). Accordingly, Defendants' Motion for Summary Judgment is GRANTED with respect to Plaintiff Parker-Liles's sixth cause of action alleging assault and battery.

### F.    Punitive Damages

Lastly, Defendants seek summary judgment with regard to both Plaintiffs' requests for punitive damages against both officers. Def's. Mot. at 12. As a preliminary matter, it appears Plaintiffs' complaint only demands punitive damages on behalf of Figures, and possibly only against Garcia. See Compl. at ¶¶ 41-43. Regardless, because Plaintiffs incorporate all preceding allegations by reference, the Court will address punitive damages as to all parties.

Punitive damages may be permitted in a Section 1983 case where a defendant's conduct is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Under state law, punitive damages are recoverable where a defendant is found to have acted with "oppression, fraud, or malice." Cal. Civ. Code § 3294.

Based on the disputed facts discussed above surrounding Defendants' use of force while attempting to detain Figures, the Court finds a reasonable jury may conclude that those actions involved a reckless or callous indifference to the federally protected rights of Figures and/or that Defendants acted with malice or oppression. Indeed, the factual disputes surrounding Figures's remaining claims for excessive force, intentional infliction of emotional distress, and assault and battery, may support an award of punitive damages. Therefore, Defendants' motion for summary judgment of Plaintiff Figures's punitive damages claim against Defendant Garcia is DENIED.

///

With respect to any potential punitive damages claims by Plaintiff Parker-Liles, however, Defendants' motion is GRANTED. Plaintiff Parker-Liles's remaining claim of negligence against both officers does not give rise to the right to recover punitive damages. <u>Simmons v. Southern Pacific Transportation Co.</u>, 62 Cal. App. 3d 341 (1976) ("mere negligence, even gross negligence, is not sufficient to justify an award of punitive damages").

## CONCLUSION

As set forth above, Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part as follows:

1. Summary judgment is GRANTED as to Plaintiffs' First Cause of Action alleging unlawful detention;

2. Summary judgment is GRANTED as to Plaintiffs' Second Cause of Action alleging unlawful seizure;

3. Summary judgment is GRANTED as to Plaintiff Parker-Liles's Third Cause of Action alleging excessive force;

4. Summary judgment is DENIED as to Plaintiff Figures's Fourth Cause of Action alleging intentional infliction of emotional distress;

5. Summary judgment is GRANTED as to Plaintiff Parker-Liles's and DENIED as to Plaintiff Figures's Fifth Cause of Action alleging violations of California Civil Code § 52.1;

///
///
///
///
///
///

      6.     Summary judgment is GRANTED as to Plaintiff Parker-Liles's Sixth Cause of Action alleging assault and battery; and

      7.     Summary judgment is DENIED as to Plaintiff Figures's claim for punitive damages, and GRANTED as to Plaintiff Parker-Liles's claim for the same.

IT IS SO ORDERED.

Dated: September 29, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE