UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIARRA PARKER-LILES et al., | No. 2:15-cv-00894-KJN |
| Plaintiffs, | |
| v. | ORDER |
| STEVEN GARCIA et al., | |
| Defendants. | |

After finding that plaintiffs' claims are ripe for trial, reviewing the parties' joint statement of trial readiness, and considering the parties' argument at a hearing held on February 6, 2020, on this matter,[1] the Court now issues the following order in preparation for the final pretrial conference.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before the undersigned on **July 13, 2020, at 10:00 a.m.**. Counsel who appear at the pretrial conference shall in fact try the matter. Counsel are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. A FAILURE TO COMPLY

---

[1] At the hearing plaintiffs appeared through Kenneth Chike Odiwe; defendants were represented by Dale Allen.

1

WITH Local Rule 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

The parties shall submit a **joint** pretrial statement (see L.R. 281(a)(2)) no later than **June 15, 2020**; **it shall conform to Local Rule 281(b).** Specifically:

1. The undisputed facts and disputed factual issues shall be set forth in two separate sections;
2. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Each fact should (generally) relate or correspond to an element of the relevant cause of action;
3. Where the parties are unable to agree as to what factual issues are properly before the Court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue;
4. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the Court and all parties about the precise issues that will be litigated at trial. The Court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute. However, with respect to the listing of undisputed facts, the Court will accept agreements as to evidentiary facts; and
5. The joint statement of undisputed facts and disputed factual issues is to be filed with the Court concurrently with the filing of the joint pretrial statement.

Per Local Rule 281(b), the parties are required to provide with their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose . Of note:

1. These lists shall not be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order;
2. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically; and
3. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. The listing of exhibits or witnesses which counsel do not intend to use will be viewed as an abuse of the Court's processes.

Under Federal Rule of Civil Procedure 16, it will be counsel's duty at the pretrial conference to aid the Court in: (a) formulating and simplifying issues and the eliminating meritless claims or defenses; (b) settling of facts that should be properly admitted; and (c) avoiding unnecessary proof and cumulative evidence. The parties must prepare their joint pretrial statement and participate in good faith at the pretrial conference with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

POINTS OF LAW

The parties shall brief the elements, legal standards, burdens of proof, defenses, and potential immunities with respect to that claim, and shall alert the court to any disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than **June 15, 2020**, in accordance with Local Rule 285. Although trial briefs may reference reasonably anticipated disputes concerning admissibility of evidence, such disputes shall be fully briefed in separate motions *in limine*. Responding briefs, if any, are due no later than **June 29, 2020.**

MOTIONS IN LIMINE

Any evidentiary or procedural motions are to be filed in one document by **June 15, 2020.** Oppositions must be filed in one document by **June 29, 2020**, and any reply must be filed in one document by **July 6, 2020**. The motions will be heard by the Court at the same time as the Final Pretrial Conference.

VOIR DIRE

The court will conduct the initial jury voir dire, and each party will thereafter be limited to approximately 15 minutes of jury voir dire. The parties shall file any proposed jury voir dire no later than **June 15, 2020**. Any objections to proposed voir dire shall be filed no later than **June 29, 2020**. If a party objects to proposed voir dire, the objecting party shall indicate whether it objects to the proposed voir dire question in its entirety, or whether it merely objects to the court, as opposed to a party, posing the particular question

PROPOSED JURY INSTRUCTIONS

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions. The parties shall file any such joint set of instructions no later than **June 15, 2020**, identified as "Joint Proposed Jury Instructions Without Objection." To the extent that the parties are unable to agree on all or some instructions, their respective proposed instructions shall likewise be filed no later than **June 15, 2020**, identified as "Plaintiffs' Separate Proposed Jury Instructions" and "Defendants' Separate Proposed Jury Instructions." Counsel shall e-mail a copy of all proposed jury instructions, whether agreed or disputed, as a Word document to kjnorders@caed.uscourts.gov no later than **June 15, 2020**.

In preparing the joint and/or separate proposed jury instructions, the parties are advised that it is the court's strong preference to use the exact language of the Ninth Circuit's Model Jury Instructions, to the extent that they apply. If a model instruction is used, the parties shall clearly reference the number of that model instruction. Furthermore, if the parties modify any of the language in a model instruction, the parties shall specifically identify the changes made and provide citation to legal authorities in support of such a proposed change. All blanks in model instructions shall be completed and all brackets removed.

Objections to proposed jury instructions shall be filed no later than **June 29, 2020**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

PROPOSED VERDICT FORM

The parties shall file a joint proposed verdict form no later than **June 15, 2020**. A Word version of the proposed verdict form shall simultaneously be e-mailed to kjnorders@caed.uscourts.gov.

////

////

////

4

TRIAL SETTING

A jury trial shall commence before the undersigned on **August 14, 2020, at 9:00 a.m., in Courtroom No. 25.** The first day of trial will be limited to addressing outstanding motions in limine, jury instructions, and other preliminary trial matters. Jury selection will commence Monday **August 17, 2020, at 9:00 a.m**. The parties presently anticipate that the trial will take approximately 5–7 days.

IT IS SO ORDERED.

Dated: February 13, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/894.parker