UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUITA FIGURES,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN GARCIA and SHANE RAFTERY, in their individual capacities,<br><br>Defendants. | No. 2:15–cv–894–KJN<br><br>ORDER ON DEFENDANTS' MOTIONS IN LIMINE Nos. 1–3<br><br>(ECF No. 92.) |

Before the court are defendants' Steven Garcia and Shane Raftery's motions in limine Nos. 1–3, regarding certain evidentiary issues to be determined before the trial set to begin on August 20, 2021, in this case.[1] (ECF No. 92.) Over the course of briefing these motions, the parties essentially narrowed the underlying disputes to a single sentence of one expert report. (ECF Nos. 92, 93, 108.) Accordingly, the court took the motions under submission (ECF No. 109) and now, after considering the parties' briefs, issues the following order.

///

///

///

---

[1] All parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. Section 636(c), and the case was referred to the undersigned for all further proceedings, including the entry of final judgment. (ECF No. 56.)

1

**DEFENDANTS' MOTION IN LIMINE NO. 1**

Defendants first move to exclude all testimony from plaintiff's sole expert witness, Ernest Burwell, who was disclosed as a "Police Practice/Dog Handling" expert.  (ECF No. 92 at 3-5; see ECF No. 92.1 (Robinson Decl.) Ex. A (plaintiff's expert disclosures).)  Mr. Burwell was disclosed as an expert when Ciarra Parker-Liles was still a co-plaintiff in this case, and most of the opinions disclosed in Mr. Burwell's expert report relate solely to Ms. Parker-Liles' causes of action, which have since been settled and dismissed.[2]  (ECF No. 92.1 at 15-31.)  Plaintiff Figures opposes this motion only in part—pointing to just two portions of Mr. Burwell's expert report that she argues contain opinions that are relevant to the live causes of action, and non-prejudicial:

1) "Officers Garcia and Raftery violated department policy regarding the use of force.  There was no offense involved that would require the officers to pull Marquita [Figures'] arms up behind her back farther than that needed for proper control holds, which caused injury to her shoulder."

2) "[Figures] was not a threat, she was not assaulting the officers, and she was not trying to flee the scene.  She was only trying to help resolve the issue of the car."

(ECF No. 92.1 at 26-27; see ECF No. 93 at 2-3 (arguing that MIL #1 "should be denied in part").)

In reply, defendants concede that Mr. Burwell should be permitted to testify regarding the opinions contained in the above two passages, except for the opinion in the final sentence—that plaintiff "was only trying to help resolve the issue of the car."  (ECF No. 108 at 2-3.)  Defendants object that this final sentence constitutes pure speculation by Mr. Burwell, who could not have known plaintiff's intent during the incident.  (Id. at 3 (citing Fed. R. Evid. 602).)

It is unknown to what extent plaintiff wishes to elicit testimony from Mr. Burwell regarding this final opinion that she "was only trying to help" because defendants only raised their objection to that specific sentence of the report in their reply brief.  However, the grounds for Mr. Burwell testifying about plaintiff's intent appear shaky at best—whether he were to offer lay or expert opinion on that subject.  See Erhart v. BofI Holding, Inc., 445 F. Supp. 3d 831, 838-

---

[2] The parties settled Ms. Parker-Liles' claims, and she was voluntarily dismissed from the case in June 2021.  (ECF Nos. 68, 89, 90.)

40 (S.D. Cal. 2020) (explaining different standards and personal knowledge requirements for lay versus expert witnesses).

Despite his qualifications in other areas, there is no indication in the expert report that Mr. Burwell has specialized knowledge in the areas of psychology or human behavioral science that would make his testimony about plaintiff's mindset admissible as an expert opinion under Rules 702 and 703.  Cf. id. at 839-40 (under Rule 703's relaxed personal knowledge requirement, experts "may offer opinions based on otherwise inadmissible testimonial hearsay if 'experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject,' Fed. R. Evid. 703, and if they are 'applying [their] training and experience to the sources before [them] and reaching an independent judgment,' as opposed to "merely acting as a transmitter for testimonial hearsay,' United States v. Gomez, 725 F.3d 1121, 1129 (9th Cir. 2013)").  Further, the expert report contains no indication that Mr. Burwell had "firsthand knowledge or observation" of plaintiff's arrest encounter to qualify him to give a lay opinion about her contemporaneous intent.  See United States v. Lopez, 762 F.3d 852, 864 (9th Cir. 2014) (discussing personal knowledge requirement of Rule 701 (lay opinion testimony)); Cleveland v. Groceryworks.com, LLC, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) ("Personal knowledge means a present recollection of an impression derived from the exercise of the witness's own senses."); see also Fed. R. Evid. 602 (except for expert testimony under Rule 703, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").

The court therefore precludes Mr. Burwell from testifying regarding his opinion that plaintiff "was only trying to help resolve the issue of the car."  Accordingly, the court GRANTS IN PART defendants' motion to exclude Mr. Burwell's expert testimony.  <u>Plaintiff is limited to eliciting expert testimony from Mr. Burwell related to the following opinions:</u>

1) "Officers Garcia and Raftery violated department policy regarding the use of force. There was no offense involved that would require the officers to pull Marquita [Figures'] arms up behind her back farther than that needed for proper control holds, which caused injury to her shoulder."

2) "[Figures] was not a threat, she was not assaulting the officers, and she was not trying to flee the scene."[3]

**DEFENDANTS' MOTION IN LIMINE NO. 2**

Defendants next move to exclude evidence related to the claims of former plaintiff Ciarra Parker-Liles and the subsequent settlement of those claims. (ECF No. 92 at 6.) Plaintiff Figures responds that she "has no objection" to this motion. (ECF No. 93 at 3.)

In the absence of any opposition, the court GRANTS defendants' motion. Plaintiff Figures is barred from presenting at trial any testimony, evidence, or argument regarding, or making any mention of: (1) former plaintiff Ciarra Parker-Liles being attacked and injured by a police canine during the underlying incident; (2) Ms. Parker-Liles' former status as a plaintiff in this case; or (3) the settlement offered by defendants and accepted by Ms. Parker-Liles in this case.

**DEFENDANTS' MOTION IN LIMINE NO. 3**

Last among this initial set of motions in limine, defendants move to preclude plaintiff from having any witness—including her treating physicians, and her herself—offer a medical expert opinion regarding her incident-related diagnosis, treatment, or prognosis. (ECF No. 92 at 8-11.) Plaintiff did not disclose any medical experts in her Rule 26(a)(2)(A) expert disclosure,[4] and as with Motion in Limine No. 2, plaintiff responds that she "has no objection" to this motion. (ECF No. 93 at 3.)

///

---

[3] In acknowledgment that plaintiff lacked the opportunity to respond to defendants' specific argument regarding the final sentence of the opinions at issue during briefing, the court notes that its ruling on a motion in limine is "essentially a preliminary opinion," albeit one that should not be reversed unless "facts or circumstances arise to warrant a reversal." See United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999). Should plaintiff wish to elicit testimony from Mr. Burwell on the subject of her intent during the incident, she may seek the court's permission to do so at trial—if plaintiff can show facts that would warrant admitting such testimony. See id. ("The district court may change its ruling [on a motion in limine] at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." (citing Luce v. United States, 469 U.S. 38, 41-42 (1984)).

[4] Plaintiff disclosed only one expert witness, Mr. Burwell, the subject of the first motion in limine. (ECF No. 92.1 (Robinson Decl.) Ex. A.)

4

Defendants concede that plaintiff's treating doctors may testify as fact witnesses without drawing on their medical expertise; but they request that the court define the parameters of that percipient testimony and request that plaintiff be instructed to file a complete proffer of the physicians' testimony to be elicited to prevent them from straying into impermissible territory. (ECF No. 92 at 10-11.)

The court agrees that any of plaintiff's treating physicians properly disclosed as a fact witness may testify at trial only in that limited capacity—that is, regarding "what [they] perceived and did during [their] visits with [plaintiff], the timing and frequency of such visits, and other matters to which [they are] competent to testify by way of personal—but not specialized—knowledge." Transoceanic Cable Ship Co. LLC v. Bautista, 2018 WL 3521174, at *6 (D. Haw. July 20, 2018) (citing Fed. R. Evid. 602, 701). In the absence of any opposition voiced by plaintiff, and in light of the court's shared concern that the testimony from plaintiff's treating physicians could easily veer off course, the court directs plaintiff to file a complete proffer of the testimony she will elicit from each of the treating physicians she intends to call as fact witnesses. See id. at *7. Defendant's third motion in limine is GRANTED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion in Limine No. 1 is GRANTED IN PART and DENIED IN PART. Plaintiff's expert Mr. Ernest Burwell may give expert testimony; however, that testimony must be limited to the opinions specified above.

2. Defendants' Motion in Limine No. 2 is GRANTED. Plaintiff Figures is barred from presenting at trial any testimony, evidence, or argument regarding, or making any mention of: (1) former plaintiff Ciarra Parker-Liles being attacked and injured by a police canine during the underlying incident; (2) Ms. Parker-Liles' former status as a plaintiff in this case; or (3) the settlement offered by defendants and accepted by Ms. Parker-Liles in this case.

///
///

3. Defendants' Motion in Limine No. 3 is GRANTED.  Plaintiff is precluded from having any witness offer a medical expert opinion regarding her incident-related diagnosis, treatment, or prognosis.  Plaintiff may, however, call her treating physician(s) to testify as fact witnesses.  **No later than August 13, 2021,** plaintiff shall file a proffer of the testimony she plans to elicit from any treating physician she intends to call as a fact witness.

4. This resolves ECF No. 92.

Dated: July 27, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

figu.894